IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LYNN BELL,<br>　　Plaintiff,<br>　v.<br>NANCY A. BERRYHILL,<br>　　Defendant. | Case No. 16-cv-00809-MMC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 30 |

Before the Court is plaintiff Jennifer Lynn Bell's ("Bell") Application for Attorneys' Fees, filed November 14, 2017, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Having read and considered the parties' respective written submissions, the Court rules as follows.

**BACKGROUND**

On February 28, 2013, Bell filed an application for Supplemental Security Income benefits, on the basis of disability. On February 8, 2016, following the denial of Bell's application by an administrative law judge ("ALJ"), and the Appeals Council's rejection of her appeal, Bell filed the instant petition for review. By order filed August 22, 2017, the Court granted Bell's motion for summary judgment, denied the cross-motion for summary judgment filed by defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Commisioner"), and remanded the action for further proceedings. (See Order Grant. Pl.'s Mot. for Summ. J.; Den. Def.'s Cross-Mot. for Summ. J., filed Aug. 22, 2017 ("Order"), at 30:2–4.)

**DISCUSSION**

By the instant motion, Bell seeks an award of attorneys' fees incurred in the

above-titled action. In particular, she seeks an award in the total amount of $14,356.64, for work performed by William Namnath ("Namnath"), her attorney of record, and Ralph Wilborn ("Wilborn"), a contract attorney who assisted Namnath in litigating her disability claim and in preparing and litigating her EAJA fee application.

With respect to civil actions brought against the United States, the EAJA provides, in relevant part, that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." See 28 U.S.C. § 2412(d)(1)(A). "'[F]ees and other expenses' includes . . . reasonable attorney fees." See id. § 2412(d)(2)(A).

"An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001). In the instant case, Bell, having obtained a judgment reversing the ALJ's decision and remanding for further proceedings, is the prevailing party, and, as the Commissioner has not claimed the government's position was substantially justified or that special circumstances make an award unjust, see id. at 1258 (placing burden on government to show "its position was substantially justified or that special circumstances exist to make an award unjust"), the Court finds Bell is entitled to an award of fees.[1]

The Commissioner does not argue to the contrary. Rather, the Commissioner opposes Bell's motion "to the extent that the fees requested are unreasonable." (See Def.'s Opp'n to Pl.'s Pet. for Att'y Fees ("Opp'n") at 2:3–4.) In particular, the Commissioner contends, the amount of fees requested in Bell's application is "excessive." (See id. at 2:8.)

---

[1] The Commissioner does not dispute the timeliness of Bell's fee application, see 28 U.S.C. § 2412(d)(1)(B), nor that Bell's net worth falls below the cap set by the EAJA, see id. § 2412(d)(2)(B), and the Court finds, for the reasons stated by Bell, that both such requirements have been met. (See Pl.'s Mem. in Supp. of Appl. for Att'ys Fees at 2:2–15, 19–22.)

2

**A.     Reasonableness of Bell's Fee Request**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the ligation multiplied by a reasonable hourly rate."  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Comm'r v. Jean, 496 U.S. 154, 162, 163 n.10 (1990) (holding, under EAJA, prevailing party may obtain compensation "for all aspects of fee litigation," including "fees for fees," i.e., "fees for fee litigation") (emphasis omitted).  The court "should exclude from this initial fee calculation hours that were not reasonably expended," see Hensley, 461 U.S. at 434 (internal quotation and citation omitted), and, in addition to determining a reasonable rate, should also consider "the results obtained," see id. (internal quotation and citation omitted).  Although "the district court has discretion in determining the amount of a fee award," see id. at 437, the court must provide "a concise but clear explanation of its reasons" for the amount awarded, see id.

"[T]he fee applicant bears the burden of . . . documenting the appropriate hours expended and hourly rates."  See id. at 437; see also Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir. 1994) (holding fee applicant "must submit evidence in support of . . . hours worked") (internal quotation and citation omitted).  "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."  See Gates, 39 F.3d at 1449 (internal quotation and citation omitted).

**1.     Initial Application**

In her fee application, Bell seeks an award of $13,768.79 for 71.4 hours of work, as follows: (1) in 2016, for her disability claim, 61.5 hours by Wilborn and 6.4 hours by Namnath, for a total of 67.9 hours, all at the rate of $192.68 per hour; and (2) in 2017, for the preparation of the initial application, 3 hours by Wilborn and 0.5 hours by Namnath, for a total of 3.5 hours, all at the rate of 195.95 per hour.

Bell has submitted a declaration by each said attorney, detailing the time he

1    expended in pursuing Bell's disability claim and preparing the instant fee application.
2    (See Decl. of William Namnath ("Namnath Decl.") at 2–3; Decl. of Ralph Wilborn
3    ("Wilborn Decl.") at 2.)  The requested rates are based on "the applicable statutory
4    maximum hourly rates under [the] EAJA, adjusted for increases in the cost of living."  See
5    Statutory Maximum Rates Under the EAJA,
6    https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Jan. 5,
7    2018) ("Ninth Circuit EAJA Rates") (listing rates of $192.68 and $195.95 for work
8    performed, respectively, in 2016 and "First Half 2017");[2] see also Thangaraja v.
9    Gonzales, 428 F.3d 870, 876 (9th Cir. 2005) (holding "EAJA provides for an upward
10   adjustment of the $125 rate contained in the statute, based on cost-of-living increases")
11   (citing 28 U.S.C. § 2412(d)(2)(A)).  Accordingly, Bell has met her burden of documenting
12   the number of hours her attorneys expended and their hourly rates.  See Hensley, 461
13   U.S. at 437.
14        In response, the Commissioner argues that the above-referenced work "could
15   have been accomplished in 39 hours, including 2 hours of time . . . preparing the EAJA
16   fee petition," (see Opp'n at 6:14–15), to all of which hours the Commissioner applies the
17   maximum rate for 2016, and, based thereon, "submits that a total fee of $7,525.05
18   ($192.95 x 39 [ ]) is appropriate" (see id. at 6:19–20).  The Court addresses each issue in
19   turn.

         a.    **Hours**

21       The Commissioner argues that the claimed 71.4 hours of work should be reduced
22   to 39 hours, for the asserted reasons that: (1) the instant case is "fairly routine" (see id. at
23   4:1); (2) Bell's attorneys "are highly experienced and . . . familiar with Social Security law"
24   (see id. 6:18); and (3) "[m]uch" of the time claimed by Namnath is "duplicative work

---

[2] As the maximum rate has not yet been posted for the second half of 2017, the period during which Bell requests fees related to her fee application, Bell has requested the rate for the first half of 2017.  See Ninth Cir. EAJA Rates ("If no rate is posted for the period in which your work was performed, please use the rate . . . posted for the previous period.").

simply reviewing [ ] Wilborn's work product" (see id. 5–6).[3]  As discussed below, the Court is not persuaded.

The determination of "how much time an attorney can reasonably spend on a specific case . . . will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained"). See Costa v. Comm'r, 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam). The court should exclude "hours that are excessive, redundant, or otherwise unnecessary," see Hensley, 461 U.S. at 434; see also Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008) (holding "[t]he number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client"). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Moreno, 534 F.3d at 1112. Nevertheless, "the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." See id.

At the outset, the Court finds the instant case is not, contrary to the Commissioner's characterization, "routine." (See Opp'n at 4:1.) As Bell points out, the administrative record is, at 1454 pages in length, "voluminous" (see Pl.'s Reply to Def.'s Opp'n ("Reply") at 3:21), and Bell has provided evidence showing such record is "more than twice as long as an average case" (see id. at 4:22–23; see also Suppl. Decl. of Ralph Wilborn ("Wilborn Suppl. Decl.") at 2:15–4:3 (explaining Wilborn "conducted a random computer search of recent cases [he] was employed to brief in Oregon and

---

[3] The Commissioner erroneously suggests Bell claims 55.5 hours of Wilborn's time for work on her case up through preparation of her motion for summary judgment. (See Opp'n at 5:2–5, 5:11–14 (stating Bell claims 33.5 hours for "reading and analyzing the ALJ's decision, administrative briefs, administrative record, . . . and drafting the statement of facts," as well as 22 hours for "continuing drafting [the] statement of facts and researching and drafting the [m]otion and [m]emorandum" for summary judgment).) A review of Wilborn's declaration shows Bell has claimed only 47.5 hours for the above-referenced work. (See Wilborn Decl. at 2:4–16.)

5

1  California district courts"; calculating "average length" of administrative record in those
2  cases at 596 pages in Oregon and 651 pages in California)).[4]  By contrast, the
3  Commissioner has provided no evidence to support her assertion that the length of the
4  record here is "relatively average." (See Opp'n at 4:11.)  In addition, the Commissioner's
5  characterization of the instant case as presenting only two "discrete" issues (see, e.g., id.
6  at 4:7) is inaccurate.  As the Court's 30-page Order reflects, Bell's case is factually
7  complex and required substantial analysis of numerous issues, including the ALJ's
8  treatment of Bell's credibility and the opinions of eight medical sources.

Further, the fact that Bell's attorneys are experienced in Social Security law does not suffice to warrant a reduction in the claimed hours. See, e.g., Arik v. Astrue, No. 08-cv-05564-SBA (LB), 2011 WL 1576711, at *6 (N.D. Cal. Apr. 26, 2011) (holding "counsel's expertise does not necessarily justify a reduction in hours), report and recommendation adopted, 2011 WL 2470907 (N.D. Cal. Jun. 22, 2011).  As noted above, Bell's case presented a voluminous record and numerous issues, and the Commissioner offers no more than her unsupported opinion that "experienced" counsel should have spent less time on various aspects of the litigation. (See Opp'n at 5:7, 5:15, 5:22, 6:9, 6:18); see also Arik, 2011 WL 1576711, at *6 (finding defendant's "arguments with regard to the amount of time spent on various tasks . . . appear to be based on defense counsel's own opinion, and [defendant] does not provide any expert or other credible authority to suggest that the time billed is unreasonable").

Lastly, the Commissioner's objection to "[m]uch" of Namnath's time as duplicative review of Wilborn's work product (see Opp'n at 6:5) is unpersuasive.  Notably, only two of the seventeen time entries in Namnath's declaration involve review of Wilborn's work product, and those two entries account for less than two of Namnath's claimed 6.9 hours. (See Namnath Decl. at 2:22 (recording 0.75 hours for review of draft opening brief and

---

[4] Indeed, a review of Wilborn's declaration reveals that the administrative record in the instant case is longer than the record in thirty-nine of the forty cases he located in his search. (See Wilborn Suppl. Decl. at 2:16–4:2.)

6

1    email to Wilborn regarding same); id. at 3:3 (recording 1.0 hour for review of draft reply
2    brief and email to Wilborn regarding changes to same).)  Additionally, Namnath, as Bell's
3    attorney of record, acted properly in reviewing such work, see Brienzo v. Astrue, No. CIV
4    S-06-0864 KJM, 2008 WL 1734612, at *2 (E.D. Cal. Apr. 11, 2008) (noting attorney who
5    signed briefs "was required to review the document she was signing"), and the
6    Commissioner has provided no evidentiary basis for "suggest[ing]" that Namnath's 6.9
7    hours of work be reduced to 4 (see Opp'n at 6:8); see also, e.g., Ildefonso v. Colvin, No.
8    14-cv-01601-EDL, at 4 (N.D. Cal. Aug. 24, 2015) ("Ildefonso Order") (noting
9    "representation by two attorneys in a social security case is not automatically
10   unreasonable"; finding time spent by attorneys therein "[did] not appear to be
11   duplicative").

In sum, the Court has examined the hours claimed and documented by counsel in Bell's initial request and finds the Commissioner has not met her burden of rebuttal. See Gates, 39 F.3d at 1449.[5]  Accordingly, the Court finds Bell's request for compensation for 71.4 hours of attorney time is reasonable.

### b.    Rate

Although the Commissioner does not dispute the reasonableness of applying the EAJA maximum rates in the instant case, she has used the rate for 2016, namely, $192.95 per hour, for all the claimed hours, asserting "most of the work on the case was performed in 2016."  (See Opp'n at 6:16–18.)

The Commissioner provides no support for such position, and the Court finds it appropriate to award fees for work performed in 2017 at the maximum 2017 rate of $195.95 per hour, given counsels' considerable experience in Social Security disability appeals (see Namnath Decl. at 3:10–11 (stating Namnath has "been working in the specialized field of Social Security disability law since 2011"); Wilborn Decl. at 3:5 (stating

---

[5] Nothing has been presented in the instant case to suggest even a ten-percent reduction, or "haircut," see Moreno, 435 F.3d at 1116, would be appropriate.

7

Wilborn has "specialized in Social Security law" since 1984")), and the complexity of the record presented.

Accordingly, the Court finds Bell's request for compensation at the hourly rates of $192.68 and $195.95 for work performed in 2016 and 2017, respectively, is reasonable.

### 2. Supplemental Fee Request

In her reply, Bell seeks a supplemental award of $587.85 for time spent in 2017 to "litigat[e] [her] entitlement to an EAJA fee award." (See Reply at 9:16.) In particular, Bell requests compensation for three additional hours of Wilborn's time in litigating her fee application, at the 2017 rate of $195.95 per hour. See Jean, 496 U.S. at 162–63.

In support thereof, Bell has submitted evidence detailing the work Wilborn performed (see Wilborn Suppl. Decl. at 1:20–2:6) and has requested compensation based on the authorized statutory rate. Further, although Wilborn documented five hours of time "researching and drafting [his] declaration and [Bell's] Reply" (see id. 1:20–21), he has billed for only three of those hours (see id. 2:5–6). The Commissioner has not sought leave to oppose Bell's supplemental fee request, and the Court finds such request reasonable. See, e.g., Potter v. Colvin, No. 14-cv-02562-JSC, at 6 (N.D. Cal. Nov. 23, 2015) ("Potter Order") (finding three hours to prepare reply brief on fees motion reasonable).

### 3. Conclusion

For the reasons stated above, Bell is entitled to a total award of attorneys' fees, as set forth in her initial and supplemental fee requests, in the amount of $14,356.64.

## B. Payment to Counsel

Bell requests that the Court order the Commissioner "to pay the full amount of the EAJA fees awarded directly to [her] counsel, William D. Namnath, subject to any federal debt offset." (See Reply at 9:24–25.)

An EAJA fee award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." See Astrue v. Ratliff, 560 U.S. 586, 589, 597 (2010) (noting government practice of

paying EAJA awards in Social Security cases directly to attorneys "where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney") (internal quotation and citation omitted).

Pursuant to Bell's "Social Security Employment Agreement," Bell assigned her attorneys "the right . . . to pursue and receive any EAJA award(s) directly in the attorneys' names" (see Certified Admin. R. 146) and authorized said attorneys "to request that the court award any . . . EAJA fees directly to [her] attorneys" (see id.). Under such circumstances, the Court finds it appropriate that Bell's EAJA award, subject to any federal debt offset, be paid directly to Namnath. See, e.g., Ildefonso Order at 7 (ordering EAJA fee award to be paid, subject to debt offset, directly to prevailing party's counsel); Potter Order at 7 (holding same; collecting cases finding Ratliff "does not prevent payment of a fee award directly to the attorney if there has been a valid assignment and the plaintiff does not owe a debt to the government").

## CONCLUSION

For the reasons stated above, Bell's application for attorneys' fees in the amount of $14,356.64 is hereby GRANTED, such sum to be paid directly to Bell's counsel of record.

**IT IS SO ORDERED.**

Dated: January 17, 2018

MAXINE M. CHESNEY
United States District Judge